IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| WILMER FRANCISCO REYES MORALES, *Petitioner*, | § | No. 1:26-CV-01808-DAE |
| v. | § | |
| BLANCHE, *et al.*, *Respondents*. | § | |

ORDER

Before the Court is the status of the above-captioned case. On July 6, 2026, Petitioner Wilmer Francisco Reyes Morales ("Petitioner") filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (Dkt. # 1.) In his Petition, Petitioner alleges that he is entitled to a writ because he is being wrongfully detained in immigration custody without bond. (Id.)

On July 7, 2026, the Court ordered Respondents to show cause within three days, on or before July 10, 2026, as to why Petitioner's writ should not be granted ("Show Cause Order"). (Dkt. # 3.) The Show Cause Order ordered electronic service of the order and the Petition to the United States Attorney in San Antonio, Texas. (Id.) However, when reviewing the case, the Court determined that, due to an inadvertent mistake, Federal Respondents were not served with the

Petition or Show Cause Order. Notice of the Petition and the Show Cause Order was regenerated at 10:20 A.M. on July 14, 2026.

Accordingly, **IT IS HEREBY ORDERED** that **Respondents show cause in writing no later than July 17, 2026,** as to why the Court should not grant Petitioner's Petition for Writ of Habeas Corpus. 28 U.S.C. § 2243. **The response must include**: (1) Petitioner's alleged country of birth, so that Petitioner can be located in the Online Detainee Locator System; (2) Petitioner's alleged date of entry and statutory basis for removability; (3) any previous immigration detention history, e.g., whether Petitioner has previously been subject to immigration detention and, if so, the approximate date of Petitioner's previous release into the interior; (4) Petitioner's alleged immigration status, e.g., whether Petitioner has a pending claim for asylum, withholding of removal, or protection under the Convention Against Torture or is subject to a final removal order; and (5) Respondents' asserted detention authority.

At this time, the Court will not plan to set a hearing on this matter, but, **on or before July 17, 2026,** either party may request a hearing to be scheduled after briefing is complete. Failure to request a hearing will constitute waiver of the opportunity for a hearing under § 2243. The Court is amenable to ruling on the papers if the parties waive a hearing.

Nothing in this Order should be construed to affect the remaining portions of this Court's prior Show Cause Order. (Dkt. # 3.)

**IT IS SO ORDERED**.

**DATED**: Austin, Texas, July 14, 2026.

David Alan Ezra
Senior United States District Judge